This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

wbc

Mailed: January 2, 2015

Cancellation No. 92058841

Joshua Domond

v.

37.37, Inc.

**Wendy Boldt Cohen, Interlocutory Attorney:**

This case comes up on 37.37, Inc.'s ("Respondent") motion for protective order filed June 12, 2014 ("MPO") pursuant to Fed. R. Civ. P. 26(c) seeking to protect Respondent against having to respond to all of Joshua Domond's ("Petitioner") 872 requests for admission, 247 document requests and 26 interrogatories served the first two days of the discovery period. The motion has been opposed by Petitioner.

## I. BACKGROUND

A partial procedural history of this case is set forth for background. Petitioner filed a petition to cancel Registration No. 3960506 for the stylized mark:[1]

## BEAUTIFUL PEOPLE

---

[1] Registration No. 3960506 issued May 17, 2011 alleging a date of first use anywhere and in commerce of June 1988 in International Class 25.

alleging fraud, abandonment, priority and likelihood of confusion, and that the registration was void *ab initio* because the specimen submitted in support of use does not show use in commerce in connection with Respondent's goods. [2]

On the first day of discovery, Petitioner served upon Respondent a set of 707 requests for admission, 247 document requests, and 26 enumerated interrogatories, some with subparts. The following day, Petitioner served upon Respondent a second set of requests for admission, comprising 165 additional requests. In lieu of responding to the discovery requests, Respondent filed a motion for protective order.

In support of its motion, which is accompanied by a declaration from its attorney, Respondent alleges, *inter alia*, that Petitioner has stated that he plans to make this proceeding "a long, difficult battle," *MPO*, p.3; that Petitioner's "initial requests are clearly [an] unreasonable number of requests that were served for the sole purpose of making this a 'long, difficult battle,'" *id.*; and that therefore, a protective order should be granted protecting Respondent from undue burden and expense. Respondent asks that it be relieved of any obligation to respond to discovery requests until Petitioner serves a revised set of discovery which is limited to an initial thirty requests each for admission, for production of documents and as interrogatories; and in the alternative,

---

[2] Although Petitioner has asserted a claim related to the sufficiency of Respondent's specimen, it is a claim that would normally not be a proper basis to cancel a registration. *See Marshall Field & Co. v. Mrs. Fields Cookies*, 11 USPQ2d 1355, 1358-59 (TTAB 1989) (the insufficiency of the specimens, per se, does not constitute grounds for cancellation; the proper ground for cancellation is that the term has not been used as a mark); *Century 21 Real Estate Corp. v. Century Life of America*, 10 USPQ2d 2034, 2035 (TTAB 1989). To the extent Petitioner intends to assert only the insufficiency of Respondent's specimens, the claim would be futile. The proper ground for cancellation is that the registered mark has not been used as a trademark. *See Marshall Field & Co.*, 11 USPQ2d at 1359.

Respondent be granted an additional thirty days to respond to Petitioner's discovery requests.

Petitioner, appearing *pro se*, argues, *inter alia*, that his discovery "has the essential purpose of eliciting admissible evidence for trial," *Response to MPO*, p. 1; that "the TBMP does not limit the number of requests for admissions or the number of document production requests," *id.*; that Petitioner was merely using "tough talk" when he said he would make this proceeding "long and difficult," *id.* at p. 2; that Respondent filed the MPO as a "stall tactic," *id.* at p. 3; and that therefore, the MPO should be denied.

## II. DISCUSSION

The Board expects parties to cooperate with one another in the discovery process which includes the duty to make a good faith effort to seek only such discovery as is proper and relevant to the issues in the case. Fed. R. Civ. P. 26(g); *See Panda Travel Inc. v Resort Option Enterprises, Inc.,* 94 USPQ2d 1789, 1791 (TTAB 2009); *Amazon Technologies Inc. v. Wax,* 93 USPQ2d 1702, 1705 (TTAB 2009); TBMP § 408.01 (2014). Failure to cooperate saddles the Board with needless motions and burdens it with resolving disputes which should be resolved by the parties. *See, e.g., Johnston Pump/General Valve Inc. v. Chromalloy American Corp.*, 10 USPQ2d 1671, 1675 (TTAB 1988); *Leuhermann v. Kwik Kopy Corp.*, 2 USPQ2d 1303, 1305 (TTAB 1987).

"The purpose of discovery is to advance the case by requiring parties to share certain relevant information upon request, so that the issues for trial may be focused and the case may proceed in an orderly manner within reasonable time constraints."

*Phillies v. Phila. Consol. Holding Corp.*, 107 USPQ2d 2149, 2152 (TTAB 2013). The scope of discovery in a Board proceeding is governed by Fed. R. Civ. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(2) allows for limitations on discovery where such discovery is "***unreasonably*** cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive" (emphasis added). "Although the rule contemplates liberal discovery, the right to discovery is not unlimited. Both the Trademark Rules and the Federal Rules of Civil Procedure grant the Board discretion to manage the discovery process in order to balance the requesting party's need for information against any injury that may result from discovery abuse." *Phillies*, 107 USPQ2d at 2152 (quoting *FMR Corp. v. Alliant Partners*, 51 USPQ2d 1759, 1761 (TTAB 1999)). "While it is a general rule that parties involved in an adversary proceeding are entitled to seek discovery as they may deem necessary to help them prepare for trial, it is not the practice of the Board to permit unlimited discovery to the point of harassment and oppressiveness." *Id.* at 2152.

When it comes to serving discovery, the parties are expected to take into account the principles of proportionality with regard to discovery requests such that the volume of requests does not render them harassing and oppressive and are expected to consider the scope of the requests as well as to confer in good faith about the proper scope of discovery so as to minimize the need for motions. *See* Trademark Rule 2.120(a); Fed. R. Civ. P. 26(f); *Phillies*, 107 USPQ2d at 2153; *cf. Frito-Lay North*

4

*America Inc. v. Princeton Vanguard LLC*, 100 USPQ2d 1904, 1908-10 (TTAB 2011) (Board applied principle of proportionality in case involving discovery of electronically-stored information). Where appropriate, the Board may, under Fed. R. Civ. P. 26(c)(1), order that the discovery requested not be had. *See* TBMP § 412.06(b).

Fed. R. Civ. P. 26(c)(1) requires that a party moving for a protective order include a certificate that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without Board action. Likewise, "the parties should confer in good faith before seeking Board intervention for a protective order." TBMP § 412.06 (citing Fed. R. Civ. P. 26(c)(1) and *Phillies*, 107 USPQ2d at 2152 (finding good faith effort to resolve the discovery dispute prior to filing the motion for protective order)).

Respondent alleges that it attempted to resolve the parties' dispute over Petitioner's discovery requests, and to show this Respondent provided an email exchange between the parties wherein Respondent asks Petitioner to withdraw his requests because they are "unnecessarily expensive and burdensome." *MPO* at Exh. F. Petitioner responded that he "will not withdraw the discovery." *Id.*

Given the egregious number and nature of Petitioner's discovery requests and apparent refusal to even discuss or engage in a constructive dialogue regarding the parties' dispute, Respondent's efforts are reasonable under the circumstances of this case. In view of the foregoing, the Board finds Respondent made a good faith effort to resolve the discovery dispute before seeking Board intervention, pursuant to Fed. R. Civ. P. 26(c)(1) and Trademark Rule 2.120(f), 37 CFR § 2.120(f). *See* TBMP § 412.06.

Except in cases where it is readily apparent that propounded discovery requests are so oppressive as to constitute clear harassment, it is generally improper to respond to a request for discovery by filing a motion for protective order. *See Medtronic, Inc. v. Pacesetter Systems, Inc.*, 222 USPQ 80, 83 (TTAB 1984). However, where appropriate, the Board may have to determine whether there is a need for protection against a particular discovery request due to its nature, or whether the sheer volume of discovery requests renders them harassing and oppressive. *See, e.g., Phillies*, 107 USPQ2d at 2152, *Double J of Broward Inc. v. Skalony Sportswear GmbH,* 21 USPQ2d 1609, 1612 (TTAB 1991); *Fort Howard Paper Co. v. G.V. Gambina Inc.*, 4 USPQ2d 1552, 1554 (TTAB 1987); TBMP § 412.06(b). The movant for a protective order must establish good cause for issuance of the order. Trademark Rule 2.120(f), 37 CFR § 2.120(f); Fed. R. Civ. P. 26(c)(1); *see also* TBMP § 412.06. To establish good cause, a movant must provide "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *FMR Corp.,* 51 USPQ2d at 1761.

### A. Excessive Number of Requests

Here, Petitioner's voluminous discovery requests, which have been reviewed by the Board, are excessive, unduly burdensome and harassing in number and content. *See C.H. Stuart Inc. v. S.S. Sarna, Inc.*, 212 USPQ 386, 387 (TTAB 1980). As is clear from the number of discovery requests within the context of this proceeding, as well as their content, Petitioner has failed in his duty to seek only such discovery as is proper and relevant to the issues in this proceeding. Petitioner has not cited any

authority, and the Board is unaware of any, which supports the proposition that over 1000 discovery requests served within two days of the opening of discovery is a proportional attempt to obtain information relevant to a petition to cancel one registration.

## B. Improper Nature of Requests

In addition to the sheer number of requests propounded by Petitioner, the Board further notes that, contrary to Petitioner's claim that his discovery "has the essential purpose of eliciting admissible evidence for trial," many of Petitioner's requests vastly exceed the bounds of proper discovery and are neither tailored to the issues of this cancellation nor serve to advance this proceeding in a focused and orderly manner.

A number of Petitioner's requests are not appropriately tailored to elicit discoverable information in this proceeding. Due to the volume of requests and in the interest of judicial efficiency the Board will not address the requests individually. However, a number of requests require the Board's attention and proceedings herein will be aided by their review. Many of Petitioner's document requests seek all documents from the last seventeen years. Complete compliance with a request for "all documents" from such an extended period of time may be unduly burdensome, and the Board has found it appropriate in such cases to require production of only a representative sampling. *See, e.g., Frito-Lay North America Inc.,* 100 USPQ2d at 1910 (where hundreds of thousands of dollars spent, and tens of thousands of documents created, opposer required to produce only a representative sample with

respect to the specific requests at issue); *Sunkist Growers, Inc. v. Benjamin Ansehl Co.*, 229 USPQ 147, 148 (TTAB 1985) (allowed to provide representative samples of invoices from each calendar quarter); *Neville Chemical Co. v. Lubrizol Corp.*, 184 USPQ 689, 689-90 (TTAB 1975) (sales and advertising figures for six different categories of goods since 1936 limited to five-year period and a statement that there have been sales for the other years); TBMP § 414(2). For the purposes of this proceeding, any representative sampling ought to correspond to the dates necessary to prove Petitioner's claims. Information that is not relevant to a party's claim or defense, even if it relates to a relevant time period, is not subject to discovery. *See* Fed. R. Civ. P. 26(b)(1). Moreover, to propound such a broad, untailored request is not consistent with maintaining an orderly and focused proceeding and is therefore not properly tailored.

A number of requests seek information not pertinent to the current proceeding. These include requests regarding subjects such as Respondent's current stock price, Respondent's projected income for the next five years, audit reports of Respondent, and information related to Respondent's annual gross and net revenue.[3] While annual sales and advertising figures, stated in round numbers, for a party's involved goods are proper matters for discovery, *see, e.g., Varian Associates v. Fairfield-Noble Corp.*, 188 USPQ 581, 583 (TTAB 1975); TBMP § 414(18), the noted subjects are indiscriminate requests for financial data, information and documents that offer nothing to further the claims before the Board and are therefore not appropriately tailored. A party's plans for expansion may be discoverable, *see, e.g. Johnston*

---

[3] *See e.g.*, document requests nos. 11 – 14, 25 – 31, 111, 116, and 119.

*Pump/General Valve Inc. v. Chromalloy American Corp.,* 10 USPQ2d 1671, 1675 (TTAB 1988); TBMP § 414(8), but the Board fails to see how the requests here, asking for projected income, constitute that type of discovery. Without further explanation of relevancy, these requests go beyond what is necessary to prove the claims before the Board.

Many of Petitioner's interrogatories improperly seek information related to Respondent's case in chief such as asking for citations to pertinent case law that would support Respondent's position, or on which Respondent intends to rely, and a summarized analysis of the similarities and/or differences in the parties' marks. It is not the Respondent's responsibility to provide Petitioner with the requested information. Petitioner is responsible for formulating his own case and cannot demand that Respondent prepare a comparison report, undertake legal research, or disclose its legal strategies. It is Petitioner's responsibility to prove his case. These requests are improper and outside the scope of discovery.

With respect to identification of witnesses, although the identity of expert witnesses is discoverable, Petitioner's discovery requests seeking identification of all witnesses Respondent may employ are premature and unnecessary particularly in view of the Board's disclosure requirements. Both parties are required to serve initial disclosures identifying witnesses having discoverable information and to name the witnesses expected to testify in pretrial disclosures. Trademark Rule 2.121(e), 37 CFR § 2.121(e). Additionally, each party is required to supplement its initial disclosures, and additional witnesses may be identified during discovery. Trademark

Rule 2.120(a)(2), 37 CFR § 2.120(a)(2); TBMP §§ 401.02 and 414(7). Likewise, many of Petitioner's requests for admission seek similarly irrelevant or improper information as they are not tailored to the dispute in this cancellation proceeding. *See e.g., Johnson & Johnson v. Rexall Drug Co.,* 186 USPQ 167, 171 (TTAB 1975); TBMP § 414.

## III. ORDER

Taking into account the principles of proportionality, because of the sheer number of discovery requests and because many of the requests are not appropriately tailored to eliciting discoverable information, the Board is persuaded that a protective order is warranted in this case. *Cf. Phillies,* 107 USPQ2d at 2149 (discussing principles of proportionality with respect to requests for admissions where the number of pleaded registrations was found to warrant the scope of discovery). In short, the large number of discovery requests is unduly burdensome, harassing and oppressive when considered in light of the issues raised by this proceeding.

In view thereof, Respondent's motion for protective order is GRANTED. Respondent is relieved from answering Petitioner's May 22 and 23, 2014 discovery requests. Therefore, with respect to Respondent's request that Petitioner be limited in its use of discovery requests, at least initially, in the number of discovery requests served, the request is GRANTED as modified herein.

In an effort to curtail any further abuse of the discovery process, the Board finds it appropriate to limit the overall number of discovery requests (total interrogatories (including subparts), document requests and requests for admission) to be

propounded by Petitioner to 150. As there is but one registration at issue in this proceeding, discovery in excess of a total of 150 requests for admission, production of documents and interrogatories,[4] without prior Board review and approval, would serve to further harass Respondent and would be unduly burdensome. If the Board perceives any further uncooperative or harassing behavior from Petitioner, then Petitioner may be ordered to show cause why entry of sanctions should not be considered. Sanctions, if warranted, may include judgment against Petitioner. *Cf. Johnston Pump*, 13 USPQ2d at 1721 n.4 and cases cited therein.

**SCHEDULE**

Proceedings herein are resumed. Remaining dates are reset as follows:

| | |
|---|---|
| Initial Disclosures Due | **1/30/2015** |
| Expert Disclosures Due | **5/30/2015** |
| Discovery Closes | **6/29/2015** |
| Plaintiff's Pretrial Disclosures | **8/13/2015** |
| Plaintiff's 30-day Trial Period Ends | **9/27/2015** |
| Defendant's Pretrial Disclosures | **10/12/2015** |
| Defendant's 30-day Trial Period Ends | **11/26/2015** |
| Plaintiff's Rebuttal Disclosures | **12/11/2015** |
| Plaintiff's 15-day Rebuttal Period Ends | **1/10/2016** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. *See* Trademark Rule 2.125, 37 C.F.R. § 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

---

[4] In addition, Petitioner shall not, in any event, exceed the limitation on the number of interrogatories set forth in Trademark Rule 2.120(d)(1); 37 C.F.R. § 2.120(d)(1) (i.e., seventy-five, counting sub-parts).

11